**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALETHA HICKS,

    Plaintiff,

v.                                           Case No. 12-13581

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                                   /

**OPINION AND ORDER (1) OVERRULING DEFENDANT'S OBJECTION;**
**(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;**
**(3) GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND**
**(4) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

      Plaintiff Aletha Hicks appeals from Defendant Commissioner of Social Security's (the "Commissioner") denial of disability insurance benefits.  The Magistrate Judge issued a Report and Recommendation ("R&R") advising the court to deny the Commissioner's motion for summary judgment, grant in part Hicks's motion for summary judgment to the extent it seeks remand, and deny in part Hicks's motion to the extent it seeks an award of benefits.  The Commissioner timely filed an objection to the R&R to which Hicks responded.  After reviewing the R&R and the parties' briefs, the court concludes that a hearing is unnecessary.  *See* E.D. Mich. LR 7.1(f)(2).  For the reasons stated below and in the R&R, the court will overrule the Commissioner's objection, adopt the R&R, and grant in part Hicks's motion for summary judgment.

## I. STANDARD

### A. Timely Objections and *De Novo* Review

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn,* 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

### B. Substantial Evidence Standard

In a social security case, the court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42

U.S.C. § 405(g). When, as here, the Appeals Council declines review of a plaintiff's claim, "the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

The court's review of the record for substantial evidence is quite deferential to the ALJ. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Pittsburgh & Conneaut Dock Co. v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 259 (6th Cir. 2007), "even if that evidence could support a decision the other way," *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire administrative record, not just what the ALJ cited. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## II. DISCUSSION

The Commissioner filed a single objection to the R&R arguing that the Magistrate Judge erred in finding that the ALJ failed to conduct a proper residual functional capacity ("RFC") assessment. The ALJ assesses a claimant's RFC in between steps three and four of the Social Security Administration's five-step evaluation process. The RFC is meant to reflect "the most [a claimant] can do despite [his] limitations," and is used to determine whether a claimant can do his relevant past work or any other work in

the economy. 20 C.F.R. § 202.1545(a). In formulating a RFC, the ALJ "will consider all of [a claimant's] impairment(s), even those that are not severe, in determining [the claimant's] residual functional capacity." 20 C.F.R. § 404.1545(e). At step two the ALJ determined that Hicks suffered from the non-severe mental impairment of affective disorder, which caused mild limitations in daily living, social functioning, and concentration, persistence or pace. But the ALJ did not discuss Hicks's affective disorder when completing his RFS assessment. (Dkt. # 6 at Pg ID 73.) In fact, the ALJ failed to even mention Hicks's mental impairment in the RFC analysis.

The Commissioner contends that, after finding that Hicks's mental impairment was non-severe, the ALJ concluded that Hicks's mental impairment caused no work-related limitations and declined to expressly discuss its lack of impact in his RFC analysis. However, the ALJ was required to consider the effects of Hicks's non-severe mental impairment along with her severe physical impairments in determining her RFC. Social Security Ruling 96-8p provides that:

> In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim. For example, in combination with limitations imposed by an individual's other impairments, the limitations due to such a "not severe" impairment may prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do.

S.S.R. 96-8p.

Although the ALJ discussed in some detail the impact of Hicks's non-severe mental impairments in his "Finding of Fact and Conclusions of Law," the record

5

suggests that he neglected to consider them in combination with her severe physical impairments when determining her RFC. (Dkt. # 6 at Pg ID 72-74.) Not only did the ALJ fail to mention Hicks's mental impairment in his RFC assessment, he appears to have excluded them from consideration. The ALJ wrote, "In translating the claimant's medically determinable *physical* limitations into the context of functional limitations, the undersigned finds that the claimant retains the capacity to perform work at the medium exertional level." (*Id.* at Pg ID 76) (emphasis added).

The ALJ's failure to consider the combined limiting effects of both Hicks's physical and mental impairments is further evidenced by the hypothetical question posed to the vocational expert ("VE"). A hypothetical question is informed by the ALJ's RFC assessment and "should include an 'accurate[ ] portray[al] [of her] individual physical and mental impairment[s]." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002) (quoting *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987)). The ALJ asked the VE to consider a claimant that was able to perform the full range of medium work "with no mental limitations." (Dkt. # 6 at Pg ID 63.) The ALJ did not have the VE consider Hicks's affective disorder, despite his previous determination that it causes, at most, minimal limitations in her ability to perform basic mental work activities. (Dkt. # 6 at Pg ID 72.) This hypothetical question, along with the absence of Hicks's mental impairment from the RFC assessment, provides the strong impression that, when formulating Hicks's RFC and determining her capacity for past relevant work, the ALJ considered only Hicks's physical impairments.

Though the ALJ could have determined that, when combined with her physical impairments, Hicks's mental impairment caused no further work related limitations, he is

required to state the basis for such conclusion.  *See White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 788 (6th Cir. 2009) (holding that because an ALJ did not accurately state the evidence used to support his findings, his total discounting of the mental impairment was not supported by substantial evidence).  In the factually similar case *Al Ghawalb v. Commissioner of Social Security*, the ALJ found that the claimant suffered from severe physical impairments and non-severe symptoms of depression and anxiety.  2012 WL 2804837, at *5 (E.D. Mich. July 10, 2012).  The ALJ went on to consider only the claimant's physical limitations in the RFC assessment despite the existence of state and private psychiatric evaluations.  *Id.* at *6.  This court held that "[i]f the Court is to infer that the ALJ used these portions in his RFC assessment, the ALJ must explain why he chose not to credit the evidence."  *Id.*

     In determining Hicks's RFC, the ALJ was required to consider her mental impairment and, if he concluded that it caused no further work related impairments, state the evidence supporting his conclusion.  Because the record does not indicate that the ALJ did so, the court cannot conclude that his finding that Hicks can perform her past relevant work is supported by substantial evidence.  *See Rabbers*, 582 F.3d at 651.

### III. CONCLUSION

     Accordingly, IT IS ORDERED that Defendant's objection [Dkt. # 16] is OVERRULED and the Magistrate Judge's report and recommendation [Dkt. # 15] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

     IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment [Dkt. # 9] is GRANTED IN PART to the extent it seeks remand and DENIED IN PART to the

extent it seeks an award of benefits. Defendant's motion for summary judgment [Dkt. # 13] is DENIED.

Finally, IT IS ORDERED that the case is REMANDED to the Commissioner. The ALJ must explicitly discuss Hicks's mental impairment in his RFC assessment. If consideration of Hicks's mental impairment alters the RFC assessment, the ALJ should then proceed with a proper step four and (if necessary) five analysis.

    s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: July 18, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 18, 2013, by electronic and/or ordinary mail.

    s/ Richard Loury for Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522